UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH ENG,<br><br>                           Plaintiff,<br><br>       -against-<br><br>RFR REALTY; DELOY STOLL,<br><br>                           Defendants. | 14-CV-2485 (LAP)<br><br>ORDER OF DISMISSAL |

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants provided false information to his employer and subjected him to verbal insults and intimidation. By order dated April 14, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Defendant RFR Realty owns and employs security personnel at 17 State Street, where Plaintiff worked for Gorlick, Kravitz, and Listhaus ("GKL"), a law firm. Plaintiff alleges that, in

December of 2013, one of Defendant's employees falsely reported that Plaintiff was the subject of "an incident." Plaintiff learned this from a document produced by GKL, which states:

> "In early December 2013, a GKL associate, upon entering the building, was asked by a security employee about an alleged incident earlier that day involving Mr. Eng. Apparently, another building security employee told his coworkers that he had to go to GKL's office on the fourth floor to handle an incident involving Mr. Eng. . . . There was no actual incident. The building security employee told this story because he did not want his coworkers to know he was going up to the building management office, which is on the same floor as GKL."

Plaintiff contends that this statement "ultimately led to events that resulted in [his] termination from the law firm." Plaintiff also names a security guard, Deloy Stoll, as a defendant, alleging that Defendant Stoll "attempted to intimidate and insult" him in October of 2013. Plaintiff further alleges that each of these incidents was "racially motivated."

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (Section 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil*

*Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

    A. *Federal Question*

Plaintiff's allegations do not suggest a basis for jurisdiction under 28 U.S.C. § 1331.  To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Defamation is a matter of state law that does not implicate any federal question.  *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004).  The federal statute cited by Plaintiff, 28 U.S.C. § 4101(1), governs the recognition of foreign defamation judgments in domestic courts, but it does not create a federal cause of action for defamation.  Furthermore, Plaintiff's allegation that Defendant Stoll attempted to intimidate or insult him does not state a claim under federal law.  *See Jean- Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("[V]erbal intimidation does not rise to the level of a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional or reprehensible it might seem, does not constitute the violation of any federally protected right."); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (holding that only state actors, and not private parties, are liable under 42 U.S.C. § 1983 for deprivations of federally protected rights).  Because Plaintiff's claims that Defendants provided defamatory information to his employer and subjected him to verbal

intimidation do not arise under a federal statute or the United States Constitution, this Court lacks federal question jurisdiction.

    B. *Diversity of Citizenship*

Plaintiff's claims also fail insofar as he seeks to invoke the Court's diversity of citizenship subject matter jurisdiction.   To establish jurisdiction under 28 U.S.C. § 1332, the plaintiff must first allege that he and defendant are citizens of different states.  Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  In addition, plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount.  *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted); *Chase Manhattan Bank, N.A. v. Ame. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  The addresses Plaintiff provides for himself and both defendants are in New York, and it therefore appears that each of the parties is a citizen of New York.  As Plaintiff fails to demonstrate that any of his claims arise under the Court's diversity subject matter jurisdiction, his complaint must be dismissed.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket.  Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated: May 27, 2014
 New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge